*140 OPINION.
Murdock :
The petitioner contends that this dividend was constructively paid on November 29,1935, since it was then unqualifiedly subject to the demands of Mock, although it concedes that a corporation on a cash basis ordinarily may not be said to have paid a dividend by merely declaring it and crediting it on its books to the stockholder’s account. The respondent agrees that the dividend was regularly declared, but contends that it was not paid during the fiscal year. The statute allows a deduction for “dividends paid during the taxable year.”
The question seems to be novel and no direct authorities are cited. The petitioner argues by analogy from decisions and regulations holding that a stockholder is liable for tax on dividends constructively received by him where they are unqualifiedly subject to his demand. It *141 may bo doubtful whether the facts in this record show constructive receipt by Mock prior to the close of the fiscal year on November 30, 1935. Payment was to be made by a cheek to be drawn by Mock, and a reasonable time might have to be allowed for him to learn the amount and draw the check. Constructive receipt is a principle sparingly applied. Perhaps it is never applied to the recipient’s advantage because to do so would be contrary to the purpose of the rule. However, constructive receipt would not necessarily show payment by the corporation where, in fact, there was none. That is the situation here. The statute allows the deduction only where the dividend was paid within the taxable year. The petitioner could have declared and paid the dividend earlier, but it actually did not pay it within its taxable year. Consequently, it has not shown that it is entitled to the deduction.

Decision wild be entered for the respondent.